James M. Beach, Jr.
vs. No. 89840.
Romulus Gaudette

May 2, 1933.

POULIOT, J. This cause is before the Court on defendant's motion for a new trial after a jury had returned

a verdict for the plaintiff in the sum of $1,500.00.

On the morning of September 9, 1932, plaintiff was riding on the right front seat of an automobile owned and operated by the defendant. Going along Dudley Street, in Providence, in a westerly direction, the occupants were looking for a number on a house where worked one Morissette whom they were going to see. Not finding that number to the east of Prairie Avenue, they proceeded to cross to the west of it.

The plaintiff states that on approaching the corner, he saw a truck on Prairie Avenue to the north of Dudley Street, coming toward the intersection, and exclaimed: "Look out for that truck," but that the defendant, whose car was in second gear, accelerated his car to try and pass in front of the truck and was struck before he had crossed the intersection.

The defendant said that, on approaching the intersection, he looked and saw nothing which would interfere with his going through. He did not see the truck until it was about to strike his car.

The plaintiff produced the driver of the truck that was involved in the accident. He said he saw defendant's car when both cars were about the same distance from the intersection; that he slowed down, the defendant slowed down, and that he then started ahead; that the defendant then speeded up his car and attempted to "cut around in front of me," resulting in a collision.

These three persons were the only witnesses to the accident. Their testimony, coupled with the observations obtained on a view of the premises, where one could see that defendant had a clear and unobstructed view to the north, that is, to his right along Prairie Avenue, from the point where he said he looked, shows that he either did not look, or, if he did, that he gave such a casual glance that he did not observe what was in plain sight. The jury committed no error in finding for the plaintiff.

The plaintiff testified he lost 8 weeks' work at $75 per week. There is a suspicion that this testimony is not accurate. It appears that at the time of the accident he owed the defendant a sizeable sum of money for rent of an apartment and it is argued by the defendant, with some logic, that if he did have such a weekly wage he would have paid his rent. When we analyze the verdict in the light of the evidence, we come to the conclusion that the jury did not give full credence to that portion of his claim. His claim of wages lost is $600; there is a doctor's bill of $150 and a hospital bill of $25; in all a total of money damages in the sum of $775. This would leave an amount of $725 for his injuries.

Dr. Portnoy testified he found two broken bones in the right hand; that the arm was in a sling about six weeks and that there was a period of about three months of total disability. There were contusions over the collar bone and chest, with some shock. There is still pain in the wrist and a weakness there which prevents plaintiff now and will prevent him for a long time from doing lifting and handling bars such as he formerly did in his construction and wrecking business.

So it seems that $725 is a comparatively small sum to award for injuries of this nature. The Court believes the jury gave plaintiff a larger sum than that for his injuries and cut him down on his claim for lost wages.

The verdict as a whole does substantial justice between the parties and defendant's motion for a new trial is denied.

For plaintiff: John R. Higgins.

For defendant: Frederick A. Jones.